## Casey *v.* Philadelphia Auto Sales Co., Appellant.

Argued November 30, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul Shalita,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 3, 1968:

On December 23, 1965, the plaintiff Richard Casey purchased a used automobile from the defendant Philadelphia Auto Sales Co., for $738, with a written guarantee, for one week, that the car was in good condition. The purchase was financed by the second defendant,

Allstate Consumer Discount Co., which required that the loan from it be taken out in the names of both husband and wife.

The car turned out to be something less than it appeared under the gleaming lights of the defendant's place of business; the transmission and the motor seal leaked, the turn signals and emergency brake did not work properly, an unneeded hole appeared in the tail pipe, the front motor mount did not hold up. The next day Casey took the car back to Auto Sales for repairs. Two weeks later it was re-delivered to him and he found that it was in worse condition than before, practically speaking. Since the alleged dilapidation revealed itself within three days after the second delivery of the car, Casey once more returned the car to Auto Sales which now demanded Casey pay one-half of the cost of repairs on the basis that more than one week had expired since the original purchase. Casey felt he was being held up by such a demand, he refused to make the requested contribution, he refused to make further payments, he refused to have anything further to do with his disillusioning purchase and allowed it to remain unused in front of his house. On February 15, 1966, Allstate repossessed it.

Casey and his wife now brought a suit in equity for rescission of the sales contract, cancellation and return of the judgment note, and damages. The court below granted the prayed-for-relief. The defendants have appealed, contending, inter alia, that Equity has no jurisdiction in a situation such as the one here described. There is merit in the defendant's legal position, if little, apparently, in the car it sold to the plaintiffs.

The plaintiffs do not allege that they were induced to sign the contract and note as the result of fraud, accident or mistake. What they allege is that the Auto Sales Company breached the terms of its one-week guarantee and that it failed to make necessary repairs to

the ailing automobile they foisted on the plaintiffs. The plaintiffs had adequate remedies at law for such alleged legal mistreatment: They could have revoked acceptance of the automobile, rescinded the purchase on the basis of a substantial breach of the sales contract and brought suit against the Sales Company at law for the purchase price (Uniform Commercial Code, Act of 1953, P. L. 3, §2-711, 12A P.S. §2-711). In the event the Finance Company would seek to enforce the terms of the judgment note, the plaintiffs could defend by alleging rescission of the purchase on which the note was based because of a substantial breach of the terms of the sales contract.

Since it must be clear from the record that the Finance Company was aware it was financing the purchase of a motor vehicle, it could not contend it was a holder in due course: Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, §15, as amended, 69 P.S. §615, F and G. In the case of *First National Bank of Millville v. Horwatt,* 192 Pa. Superior Ct. 581, the plaintiff bank was the assignee of a judgment note given by the defendant to finance the purchase of an automobile. When the plaintiff bank entered judgment on the note, the defendant petitioned to have it opened, alleging that because of fraud practiced by the dealer, he had neither the vehicle nor the certificate of title thereto. The bank contended it was a holder certificate of title thereto. The bank contended it was a holder in due course and that, therefore, such defenses could not be asserted against it. The Superior Court properly disagreed, stating (p. 587) : "appellant argues that under §3-302 of the [Uniform Commercial] Code it is a holder of the note in due course and that under §3-305 it is insulated from the defenses which could be made against the dealer-payee. . . .

". . . If we read the comment [Uniform Commercial Code Comments] to §9-206 further, it gives less comfort to the appellant. 'Some retail installment selling

acts and other comparable legislation now prohibit the use of negotiable notes in the consumer field. Such a provision should not be repealed by the enactment of this Article. Furthermore without statutory aid there are indications in the case law that courts are beginning to question the holder-in-due-course status of finance companies or banks regularly discounting a dealer's consumer chattel paper.' The Pennsylvania Bar Association notes to §9-206 of the Code contain the following: 'But in motor vehicle sales, the execution of such a note does not prevent the debtor from asserting against subsequent holders whatever defenses he may have against the seller. Motor Vehicle Sales Finance Act of 1947, §15G, 69 P.S. §615G.'

"If the appellant were a holder in due course of a separate note without knowledge that the note originated in connection with the financing of a motor vehicle sale, its contention that it is insulated from the defenses raised here *might* (emphasis that of the court) have merit."

There is no question, under the facts of this case, that the Finance Company must have known it was financing the purchase of an automobile and that any defenses the buyer could assert with respect to the purchase could be asserted equally against the judgment creditor. Furthermore, even if the plaintiffs could not defend as against the execution of the judgment note by Allstate, they still had their right to recover the purchase price paid by them from the Sales Company, as before stated, on the basis of the rescission of the sales contract because of substantial breach thereof by the Sales Company. Thus, in either event, plaintiffs would be and could be made "whole" at law, and resort to a court of equity was unnecessary.

We find, therefore, that the court below improperly granted the relief requested, the remedy at law being adequate.

Decree vacated: each party to bear own costs.