**Rosenberg v. Sunny Stein Chevrolet, Inc.**

*George S. Saulrier* and *Morris S. Passon,* for plaintiff.

*Robert C. Cohen, Meltzer & Schiffrin, Roger M. Whiteman, Owens & Whiteman, Thomas J. Beagan, Jr.* and *George J. Lavin, Jr., Liebert, Harvey, Bechtle, Herting & Short,* for defendants.

REED, J., November 24, 1969.—On November 19, 1968, plaintiff filed a complaint in equity against the named defendants, alleging purchase of a General Motors' car from defendant, Sunny Stein Chevrolet, Inc. (Stein); the payment of a sum on account; the financing of the balance through defendant, General Motors Acceptance Corporation (GMAC); and a subsequent defect in the car, which had been manufactured by defendant, General Motors Corporation (GMC).

The complaint sets forth three counts: First count against defendant, Stein; second count against defendant, General Motors Acceptance Corporation (GMAC); and third count against General Motors Corporation (GMC), maker of the car.

Plaintiff seeks relief in three forms: (1) Injunctive relief to enjoin defendant, GMAC, from selling the car on repossession for plaintiff's failure to complete payments; (2) rescission of the contract of financing with

defendant, GMAC; and (3) damages in form of judgment for the full purchase price against Stein and GMC. Defendants, GMAC and GMC, have filed answers.

Defendant, Stein, alone, filed preliminary objections to plaintiff's complaint asserting that (1) plaintiff has a full and complete remedy at law; (2) plaintiff has misjoined complaints in equity and at law; and (3) plaintiff fails to state a cause of action against defendant, Stein, upon which relief may be granted. The other two defendants having filed answers, as to them the issue is joined.

Stein's preliminary objections pose the question before us: Can plaintiff pursue an action in equity? Does plaintiff have an adequate remedy at law?

GMAC is a party only to the financing contract between it and plaintiff; it is not a party to the sales contract between plaintiff and defendant, Stein, and defendant, GMC. With this, in order to bring all defendants together in one action, plaintiff brings an equity action, essentially against GMAC for an injunction to prevent their exercise of any remedies they may have under the financing contract, which contract in turn is grounded upon the sales contract between plaintiff and defendants, Stein and GMC. Hence, argues plaintiff, the action against GMAC being in equity, the paramount jurisdiction of equity now encompasses and brings under its broad sweep all other causes arising out of the same transaction: Pa. R. C. P. 2229(b).

This argument is compelling, except it runs counter to the law announced by our Supreme Court in such cases. Plaintiff's action is primarily against his vendor (defendant, Stein) and the manufacturer of the car, on the sales contract, not the subsequent financing contract, for revocation and rescission of the sales contract, and for damages for any loss resultant from the defective car. Plaintiff is thus armed with a

defense against the financing company (defendant GMAC) for his (plaintiff's) breach of the financing agreement, to wit: substantial breach of the initial sales contract which supports the financing contract: Casey v. Philadelphia Auto Sales Co., 428 Pa. 155 (1968). Cf. Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-711, and The Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, sec. 15; Act of September 23, 1961, P. L. 1614, sec. 2, 69 PS §615(f). Plaintiff has, therefore, an adequate remedy at law.

Defendant's (Stein's) request for dismissal of plaintiff's complaint, will not be granted, however. Having determined that plaintiff has no cause in equity, we will strike down his prayer for equitable relief, and under Pa. R. C. P. 1509(c) we will certify plaintiff's cause to the law side of the court for further proceedings at law consistent with this opinion.

Defendant, GMAC, having filed an answer to plaintiff's complaint, shall remain in this action as a party defendant as to its financing contract which has been put in issue, and the rights of GMAC and plaintiff shall be decided with the determination of the issue raised by plaintiff on the initial sales contract between plaintiff and defendant, Stein. The whole matter with all parties in it, can thus be tried at law, and equity's intervention is not needed.

Accordingly, we enter the following:

## ORDER

And now, to wit, November 24, 1969, defendant, Stein's preliminary objections 1 and 2 are, therefore, sustained as modified by application of Pa. R. C. P. 1509(c), and its preliminary objection 3 is dismissed. The cause is hereby certified and transferred to the law side of the court for further proceedings. Defendant, Stein is directed to file an answer to plaintiff's complaint within 20 days from the date hereof.