## Ford Motor Credit Co. v. Moser

*D. Brooks Smith, Wayne Bromfield,* for plaintiff.
*H. William Koch,* for defendant.

KREHEL, *P.J.,* November 8, 1984—Before this court is plaintiff's motion in limine. A look at the history of this case is instructive.

On May 5, 1981, defendants purchased a certain 1981 Ford Tractor Loader Backhoe from Plotts Ford Tractor, Inc. (seller), Muncy, Pa. On that date, defendants executed a retail installment contract for the purchase of the backhoe, and the seller delivered a warranty agreement to defendants. To secure payment under the retail installment contract, defendants granted seller a security interest in the backhoe pursuant to the Uniform Commercial Code, 13 Pa.C.S. §1101 et seq.

Some time after the purchase by defendants, seller assigned the retail installment contract, together with all rights and obligations thereunder, to plaintiff, the Ford Motor Credit Company. Notice of this assignment was given to defendants.

When defendants failed to make payments due March 1, 1983, and after, and refused to make any further payments, plaintiff brought this replevin action for the return of the backhoe.

Following defendants' answer to plaintiff's amended complaint, plaintiff filed a motion in limine, requesting this court to preclude defendants from introducing at trial any evidence pertaining to any claims defendants may have against the seller or the manufacturer of the backhoe. Plaintiff's motion was based on its asserted status as a holder-in-due-course of the retail installment contract.

Defendants maintain that plaintiff has not complied with the conditions of the retail installment contract, and, in particular, with the warranty agreement. Defendants claim that plaintiff is not entitled to holder-in-due-course status.

Section 3-302(a) of the Uniform Commercial Code, 13 Pa.C.S. §3302(a), defines "holder-in-due-course" as follows:

§3302. Holder in due course.

(a) General rule.—A holder-in-due-course is a holder who takes the instrument:

(1) for value;

(2) in good faith; and

(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

Since there is no dispute that plaintiff took for value, the issue, then, is whether or not plaintiff took the retail installment contract without notice of defendants' warranty defenses and whether plaintiff took the assignment in good faith.

"Notice" is defined:

A person has "notice" of a fact when:

(1) he has actual knowledge of it;

(2) he has received a notice or notification of it; or

(3) from all the facts and circumstances known to him at the time in question, he has reason to know that it exists. 13 Pa.C.S. §1201.

It is clear from the facts and circumstances of this case that plaintiff has reason to know of the existence of defendants' warranty defenses against the seller and manufacturer. Paragraph 18 of the retail installment contract indicates the possible existence of a separate written warranty agreement. In addition, the close business relationship of Ford Tractor Company, Plotts Ford Tractor, and Ford Motor Credit Company, makes it reasonable to impute constructive, if not actual knowledge, of the existence of warranty defenses to plaintiff.

Even if we agree with plaintiff's assertion of "no notice," there is still the question of good faith. 13 Pa.C.S. §3302(a)(2).

"Good Faith" is defined: "Honesty in fact in the conduct or transaction concerned." 13 Pa.C.S. §1201. A person who seeks protection as a holder in due course must have dealt fairly and honestly as to the rights of prior parties when acquiring an instrument. Fehr v. Campbell, 288 Pa. 549, 137 Atl. 113 (1927). If circumstances are such that the failure to make inquiry arose from a suspicion that inquiry would disclose some problem, then the holder is not properly a holder in due course. Norman v. World Wide Distributors, Inc., 202 Pa. Super. 53, 195 A.2d 115 (1963).

When there is a situation, such as the present case, where the seller, the manufacturer, and the holder of the instrument, have a close business relationship, it would not be difficult for the holder to make a reasonable inquiry as to potential warranty claims. In addition, it can be seen that plaintiff rec-

ognized the possibility of warranty claims from the face of the assignment itself, where plaintiff takes steps to protect itself in the event such claims are asserted. This casts some doubt on plaintiff's good faith.

Plaintiff maintains that it is no different from a bank in a financed motor vehicle sale. However, in Casey v. Philadelphia Auto Sales Co., 428 Pa. 155, 236 A.2d 800 (1968), the court, per the late great Justice Musmanno, stated, "there are indications in the case law that courts are beginning to question the holder-in-due-course status of finance companies or banks regularly discounting a dealer's consumer chattel paper." 428 Pa. at 158, 236 A.2d at 802.

Therefore, this court finds that plaintiff is not a holder-in-due-course of the retail installment contract. Thus, plaintiff cannot claim the protections afforded by 13 Pa.C.S. §3305.

Plaintiff also raises the issue of whether defendants' warranty defenses can be properly raised in a replevin action. Pa.R.C.P. 1082(a).

This court agrees with plaintiff's contention that in a replevin action, defendant cannot assert a set-off or maintain a counterclaim for damages sustained from a breach of warranty. Lee-Strauss Co. v. Kelly, 292 Pa. 403, 141 Atl. 236 (1928); Goss Printing Press Co. v. Redmond, 305 Pa. 518, 158 Atl. 264 (1932).

However, in this case, defendants are raising the warranty issue as a defense, not as a counterclaim or set-off. In this court's previous recent opinion in Swineford National Bank v. Beckenbaugh and Enterline, Northumberland County, no. CV-83-2044, filed March 22, 1984, we held that a counterclaim was not proper in a replevin action unless permitted by Pa.R.C.P. 1082. However, this court

did not address the issue of which defenses could be properly raised.

In the present case, in plaintiff's amended complaint, plaintiff averred that it "had performed and complied with all conditions required of him under the retail installment contract." Defendants are maintaining that the warranty agreement, which is claimed to be incorporated by Paragraph 18 of the retail installment contract against the manufacturer, was not complied with, and, therefore, defendants have a right to introduce this evidence to contest Paragraph 12 of the amended complaint.

This court holds that, in this case, defendants may raise warranty defenses against plaintiff since Paragraph 12 of the amended complaint placed plaintiff's compliance with the retail installment contract at issue, and since plaintiff is not a holder in due course.

Accordingly, this court enters the following

## ORDER

And now, this November 8, 1984, plaintiff's motion in limine is denied for the reasons set forth in the above opinion.