565 A.2d 1147

**Mark S. KEENHEEL, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA SECURITIES COMMISSION, Robert M. Lam, Chairman of the Pennsylvania Securities Commission, Eliott Klein, Chief Counsel of the Pennsylvania Securities Commission, Victor Wright, Director of Enforcement, Pennsylvania Securities Commission, Appellees.**

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1989.

Decided Oct. 25, 1989.

224

Mark S. Keenheel, pro se.

David M. Donaldson, Senior Deputy Atty. Gen., for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

NIX, Chief Justice.

The issue to be addressed in this appeal is whether the Board of Claims had exclusive jurisdiction to hear and to determine the underlying claim in this matter. This is a direct appeal from an order of the Commonwealth Court, under its original jurisdiction, which transferred to the Board of Claims the action filed by appellant herein, Mark S. Keenheel, whereby he sought to rescind or to nullify an agreement entered into with his former employer, the Pennsylvania Securities Commission ("Commission"). The transfer order issued in response to preliminary objections filed by the Commission challenging the subject matter jurisdiction of the Commonwealth Court. The Honorable Doris A. Smith viewed the matter as based upon a contract executed between appellant and the Commonwealth and concluded that, pursuant to section 4 of the Board of Claims Act, 72 P.S. § 4651-4 ("section 4"),[1] the appropriate forum to re-

[1] Act of 1937, *as amended* 1978, Oct. 5, P.L. 1104, No. 260, § 3.

solve appellant's complaint in equity was the Board of Claims, hence, the Commonwealth Court lacked jurisdiction. Accordingly, that court transferred the matter pursuant to section 5103 of the Judicial Code, 42 Pa.C.S. § 5103. For the reasons that follow, we conclude that this action is not one arising from a contract action against the Commonwealth as envisioned in section 4, thus we reverse the decision below and remand the matter to the Commonwealth Court for it to reach the merits of the claim submitted.

Appellant was employed as an attorney with the Commission, and, in March of 1987, he filed race discrimination charges against the Commission and certain of its officials through the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. On June 17, 1987, the Commission terminated appellant's employment, effective September 1, 1987. In response, appellant filed a petition in the Commonwealth Court alleging that the termination was in retaliation for filing the charges of race discrimination. Negotiations then commenced between appellant and the Commission. On August 27, 1987, shortly before the termination was to occur, the parties entered into the settlement agreement at issue in this case.

The agreement voided the termination of appellant's employment, and provided that appellant would resign effective September 1, 1987. It also provided that the Commission would pay appellant the sum of six thousand dollars in satisfaction of "costs and expenses," and further provided that all personnel records, other than routine data, generated during 1987 pertaining to appellant, would be held by the Commission as non-public records pursuant to the "Right to Know Act," Act of June 21, 1957, P.L. 390, § 1 *et seq.*, 65 P.S. § 66.1 *et seq.* The agreement further established that information as to these records would not be disclosed publicly, and that, if inquiries were ever made to the Commission regarding the quality of appellant's job performance, the Commission would state that his performance had been "very good," inasmuch as this corresponded to appel-

lant's performance evaluation of December, 1986. The agreement obliged appellant to withdraw the charges of racial discrimination.

On April 25, 1988, appellant, alleging that the Commission had committed a material breach in that the Commission had purportedly disclosed to a member of the general public certain unfavorable allegations regarding appellant's job performance, commenced this action seeking equitable rescission of the settlement agreement. On June 13, 1988, appellant amended his complaint to include the allegation that the agreement was void under provisions of the "Sunshine Act," Act of July 3, 1986, P.L. 388, No. 84, § 1 *et seq.*, 65 P.S. § 271 *et seq.* He asserted that the agreement had been adopted by the Commission in a private session which, under the Sunshine Act, should have been open to the public, and, further, that information as to the private nature of the session had only recently come to light. In seeking to be released from the agreement, appellant admittedly desires to reinstate his discrimination complaints.

The jurisdiction of the Board of Claims is set forth under section 4, which provides in pertinent part:

The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more.

In *Shovel Transfer and Storage, Inc. v. Simpson, et al.,* 523 Pa. 235, 565 A.2d 1153 (1989), this Court recently stated that the determining factor as to whether the jurisdiction of the Board of Claims is invoked depends on whether the claim asserted against the Commonwealth is founded in contract.

The mere fact that the validity of a contract may turn upon issues of statutory duty does not create a statutory right of action. Rather, the focus is upon the origin of the rights claimed. In the instant matter, Shovel's objective is to establish the enforceability of the contract and compel its performance. Shovel's right to pursue this

objective derives necessarily from the rights and obligations created by the contract, not by the alleged violation of a statute by the PLCB or the appellants.

. . . . .

Shovel's action thus assumes the nature of a breach of contract action in which a traditional remedy for the breach, namely specific performance, is sought. The proper forum for this type of action, therefore, is the Board of Claims.

*Simpson,* 523 Pa. at 243, 565 A.2d at 1156.

In *Simpson* it was clear that the dispute centered upon the validity of a contract. The statutory provision was only relevant insofar as it may or may not have impacted upon that question. Thus in *Simpson* we rejected Shovel's characterization of its claim as one premised upon a statutory mandate and identified the claim being asserted as one arising from contract. We held that the jurisdiction of the Board of Claims was properly invoked.

In ruling that the exclusive jurisdiction of the Board of Claims was invoked in this case, the court below found that the instant action "is based upon a contract." *Keenheel v. Commonwealth, Pennsylvania Securities Exchange Commission, et al.,* Slip op. at 2, No. 976 (Pa.Commw. July 25, 1988). While it may be true that the contract is the subject of the instant action, it is not the basis for the claim asserted by the appellant against the Commonwealth. Indeed, the instant contract poses an impediment to the claim appellant seeks to assert against an agency of the Commonwealth. This distinction is critical to the instant inquiry. We are not here concerned with a contract claim being asserted against the Commonwealth. To the contrary, appellant has brought the instant action in an effort to avoid any obligation arising from the challenged contract.

The jurisdiction of the Board of Claims is not triggered simply because a contract may be involved in an action, rather the jurisdictional predicate is satisfied only when the claimant relies upon the provisions of that contract in

asserting the claim against the Commonwealth. The instant case indeed is the converse of *Simpson*. In *Simpson*, although a statutory argument was raised, its purpose was to seek the enforcement of the underlying contract and thus rendered the matter one arising from contract. In contrast, in this instance, the appellant is attempting to nullify the contract which serves as an impediment to the statutory claim that he wishes to assert. The instant action is one in equity to declare the contract a nullity so that appellant would then be free to renew his charges of discrimination against the Commonwealth. While the immediate subject of the controversy focuses on an alleged contract, this is not an action in which appellant is asserting a claim against the Commonwealth under the contract at issue.

The significance of the Board of Claims is that it provides a forum in which companies which do business with the Commonwealth and its various agencies can present contractual disputes and seek remedies for the Commonwealth's alleged breaches. Such actions would be impossible were it not for the Board of Claims whose enabling statute expressly abrogates the sovereign immunity that otherwise shields the Commonwealth from suits of such nature. 72 P.S. § 4651-1.[2] The result, absent this exception to sovereign immunity, would be that parties with contractual complaints against the Commonwealth would be without recourse. Such a circumstance would dissuade others from providing contractual services to the Commonwealth.

In order for the objectives of the Board of Claims to be fulfilled, however, a claim must be instituted against the Commonwealth seeking the enforcement of rights that were created by contract. *See Simpson, supra. See also, XPress Truck Lines, Inc. v. Pennsylvania Liquor Control*

---

**2.** 1 Pa.C.S. § 2310 provides that the Commonwealth is immune from suit "except as the General Assembly shall specifically waive the immunity." The statute creating the Board of Claims provides that sovereign immunity is specifically waived in instances where the claim falls within the jurisdiction of the Board of Claims. 72 P.S. § 4651-4, *as amended* 1978, Oct. 5, P.L. 1104, No. 260, § 3.

*Board,* 503 Pa. 399, 469 A.2d 1000 (1983); *Ezy Parks v. Larson,* 499 Pa. 615, 454 A.2d 928 (1982). The Board of Claims was created to provide a remedy where there would otherwise be none for a party adverse to the Commonwealth. The language of the enabling statute is specific. It vests no reciprocal right in the Commonwealth to avail itself of the jurisdiction of the Board of Claims. Sovereign immunity does not preclude the Commonwealth from pursuing a claim arising from contract in the traditional judicial forum. Thus, where the Commonwealth is seeking to derive the benefits of the contract, the jurisdiction of the Board of Claims is not invoked.

Notwithstanding, the Commonwealth argues that this matter belongs in the Board of Claims because, if appellant succeeds in rescinding the contract, he will be compelled to return the six thousand dollars the Commonwealth has paid to him pursuant to the agreement. The Commonwealth insists, therefore, that appellant has lodged "[a claim] against the Commonwealth, arising from [a contract] entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." 72 P.S. § 4651–4. This is pure sophistry. The argument misconstrues the focus of the statute. According to the Commonwealth's own contention, any monies paid as a result of appellant's action will necessarily be paid by appellant and not by the Commonwealth. Thus, any action for reimbursement would be available to the Commonwealth, and not to appellant. Under the clear language of section 4, such an action would not be within the jurisdiction of the Board of Claims.

The language of section 4 must be given full effect. Its terms explicitly require that the Board of Claims "... hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." Clearly the statute is not applicable to the instant dispute. As stated, appellant is not asserting a contractual claim against the Commonwealth for an amount

in excess of $300.00. To the contrary, he is seeking to nullify a contract to relieve himself of any obligations by which he otherwise would be restricted. The rights he asserts do not arise "from the contract," but from a separate claim he wishes to reinstate. Finally, the six thousand dollars is not an "amount in controversy." What is in controversy is the validity of the settlement agreement. It is conceded that, if the agreement is a nullity, the six thousand dollars passed thereunder must be returned; nonetheless its return is not the subject of the instant dispute. Because the requirements of the statute have not been met, the jurisdiction of the Board of Claims has not been invoked.

For the foregoing reasons, the order of the Commonwealth Court is reversed, and the matter is remanded to that court for disposition.[3]

STOUT, Former Justice, did not participate in the decision in this case.

ZAPPALA, J., files a concurring opinion.

FLAHERTY, J., files a dissenting opinion.

ZAPPALA, Justice, concurring.

I concur in the judgment.

We have in the past held that the Commonwealth Court has no equitable jurisdiction to hear a claim for specific performance, or to enjoin conduct that would allegedly impair contract rights, because a claim before the Board for money damages for breach of contract would be an adequate legal remedy. We have thus foreclosed attempts to *enforce* contractual obligations by equitable means, reason-

---

3. Since we have concluded that this matter is properly a matter for the Commonwealth Court, we need not dwell upon Keenheel's alternative argument that his claim of violation of the Sunshine Act, Act of July 3, 1986, P.L. 388, No. 84, § 1 *et seq.*, 65 P.S. § 271 *et seq.*, would necessarily mandate such a result. We note, however, that if the statutory provision merely relates to the issue of the validity of the underlying contract being asserted against the Commonwealth, this would not deprive the Board of Claims of jurisdiction. *Shovel Transfer and Storage, Inc. v. Simpson*, 523 Pa. 235, 565 A.2d 1153 (1989).

ing that to do so would infringe on the exclusive jurisdiction of the Board of Claims. See *Emergency Medical Services Council of Northwestern Pennsylvania, Inc. v. Department of Health,* 499 Pa. 1, 451 A.2d 206 (1982), and *Xpress Truck Lines, Inc. v. Pennsylvania Liquor Control Board,* 503 Pa. 399, 469 A.2d 1000 (1983).

In this case, the Appellant is attempting to rescind an agreement. As such, his claim does not seek to enforce a contract; it seeks a declaration that the contract is of no effect. He seeks to be relieved of his obligations so that he may reinstitute his complaints before the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission. If the Commonwealth Court hears such a claim, there is no danger that the Board's authority will be compromised. If the court grants rescission, there is no contract to be enforced. If the court does not grant rescission, the plaintiff may then have a claim, within the jurisdiction of the Board, arising from the contract and its alleged breach.

When equitable rescission is sought as a remedy for breach of contract, it must generally be shown that the remedy at law is inadequate. *Casey v. Philadelphia Auto Sales Co.,* 428 Pa. 155, 236 A.2d 800 (1968). We have also stated that where the remedy at law before the Board of Claims is inadequate, as for example where a fundamental constitutional right would be threatened, there might be grounds for judicial intervention to provide equitable relief even though the case turned on a contract. *Ezy Parks,* 499 Pa. at 628, 454 A.2d at 935; *Xpress Truck Lines, Inc.,* 503 Pa. at 408–409, 469 A.2d at 1005. By seeking rescission, the appellant is necessarily asserting that the remedy before the Board of Claims is inadequate. Whether this is so is yet to be adjudicated. If the remedy at law is inadequate, the matter is properly within the jurisdiction of the Commonwealth Court. If the remedy is adequate, and rescission is inappropriate, the matter can then be pursued, if at all, before the Board of Claims.

In addition to seeking rescission, the appellant sought a declaration that the agreement was void on grounds that the SEC adopted it in violation of the Sunshine Act. The Commonwealth Court clearly has exclusive, original jurisdiction to hear and determine such a claim. 65 P.S. § 285; 42 Pa.C.S. § 761(a)(4), (b). It was thus error for the court to transfer this claim as well.[1]

For these reasons, I agree that the Order of the Commonwealth Court transferring this case to the Board of Claims is properly reversed and the matter remanded to that court for disposition.

FLAHERTY, Justice, dissenting.

In transferring this case to the Board of Claims, the Commonwealth Court relied upon 72 P.S. § 4651-4, which defines the jurisdiction of the Board of Claims as follows: "The Board of Claims shall have *exclusive* jurisdiction to hear and determine *all claims* against the Commonwealth *arising from contracts* hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." (Emphasis added). Applying this clear statutory language, we have repeatedly held that claims arising exclusively from contractual obligations are to be addressed by the Board of Claims rather than by the Commonwealth Court. *Shovel Transfer and Storage, Inc. v. Simpson*, 523 Pa. 235, 565 A.2d 1153 (1989); *Delaware River Port Authority v. Thornburgh*, 508 Pa. 11, 16–17, 493 A.2d 1351, 1354 (1985); *Emergency Medical Services Council, Inc. v. Department of Health*, 499 Pa. 1, 7, 451 A.2d 206, 208–09 (1982).

Appellant contends, however, that because there has been no request for an award of damages, there is no "claim" against the Commonwealth and no "amount in controver-

1. It would appear that, as a matter of law, this claim must fail, since the action complained of was a personnel matter, which need not be considered at an open meeting under the express terms of the Act, 65 P.S. § 278(a)(1). As this matter was decided below on preliminary objections, however, we are not in a position to rule on this point and it must be decided by the Commonwealth Court on remand.

sy," such as, under 72 P.S. § 4651-4, supra, would vest the Board with jurisdiction. I do not agree. Appellant's "claim" is one for equitable rescission, based upon an alleged breach of contractual duties. With regard to the requirement that there be an "amount in controversy" of at least three hundred dollars, it is sufficient to note that there has been a payment of six thousand dollars as consideration for the contract at issue.

Appellant's claim in equity is like any other for an alleged breach of contract, and, as such, it falls within the exclusive jurisdiction of the Board of Claims. The Board's jurisdiction is not diminished by the fact that it is powerless to award forms of relief other than monetary damages. *Ezy Parks v. Larson*, 499 Pa. 615, 626–29, 454 A.2d 928, 934–36 (1982). This comports with the principle that, in determining whether a forum has subject matter jurisdiction over a given case, the test is whether it is competent to decide controversies of the general class to which the case presented belongs, and not whether it is able to grant the particular relief sought upon the cause of action pleaded. *Kaelin v. University of Pittsburgh*, 421 Pa. 220, 224–25, 218 A.2d 798, 800 (1966), cert. denied, 385 U.S. 837, 87 S.Ct. 84, 17 L.Ed.2d 71 (1966). Actions based upon contract must be referred to the Board of Claims, notwithstanding the fact that, where equitable relief is sought, the Board lacks power to act in equity. *Ezy Parks*, 499 Pa. at 626–28, 454 A.2d at 934–35 (injunctive relief sought); *Emergency Medical Services Council, Inc.*, 499 Pa. at 6–8, 451 A.2d at 208–09 (specific performance sought). Thus, the fact that the Board cannot award equitable rescission does not deprive it of jurisdiction in this case.

The legislature has clearly expressed its intent that claims against the Commonwealth arising from contract, i.e., actions based upon breach thereof, are to be handled by the Board. The Commonwealth has consented to being sued in contract only through its agency, the Board of Claims. In creating the Board and subjecting the Commonwealth to suits arising from contracts, the legislature en-

gaged in a limited waiver of sovereign immunity. *Simpson,* supra; *Ezy Parks,* 499 Pa. at 627–28, 454 A.2d at 934–35. When the ban imposed by the common law doctrine of sovereign immunity was abrogated, the legislature modified 72 P.S. § 4651-4, supra, by inserting the word "exclusive" to emphasize that only the Board should hear these matters. *Emergency Medical Services Council, Inc.,* 499 Pa. at 7–8, 451 A.2d at 209.

The purpose of equitable rescission is to restore parties as nearly as possible to their former positions with regard to the subject matter of a contract. *Fichera v. Gording,* 424 Pa. 404, 227 A.2d 642 (1967). When equitable rescission is sought as a remedy for breach of contract, it must generally be shown that the remedy at law is inadequate. *Casey v. Philadelphia Auto Sales Co.,* 428 Pa. 155, 236 A.2d 800 (1968). We have said that only where the remedy at law before the Board of Claims would be inadequate, as for example where a fundamental constitutional right would be threatened, might there be grounds for judicial intervention to provide equitable relief. *Ezy Parks,* 499 Pa. at 628, 454 A.2d at 935. In the present case there has been no showing that appellant lacks an adequate remedy before the Board of Claims. Accordingly, equitable rescission is not available, and *the claim regarding breach* should properly be heard by the Board.

With regard to appellant's assertion of a violation of the Sunshine Act, it is argued that the contract should be declared void on grounds the SEC failed to adopt it in a manner that complied with provisions of the Sunshine Act requiring certain official actions to be taken only during public sessions. See 65 P.S. § 271 et seq. Under the express statutory jurisdiction of the Commonwealth Court, the Board of Claims cannot be viewed as having jurisdiction to decide such matters.

The Commonwealth Court has been vested with exclusive original jurisdiction to address actions brought against agencies of the Commonwealth under the Sunshine Act. 65 P.S. § 285 ("The Commonwealth Court shall have original

jurisdiction of actions involving state agencies ... to render declaratory judgments or to enforce this [Sunshine] act, by injunction or other remedy deemed appropriate by the court."); 42 Pa.C.S. § 761(a)(4), (b) (jurisdiction of the Commonwealth Court in such cases is "exclusive"). Thus, the Board of Claims was clearly not intended by the legislature to serve as a forum for adjudicating the statutory duties of Commonwealth agencies under the Sunshine Act.

Accordingly, I would reverse the order transferring this case to the Board of Claims, and remand to the Commonwealth Court for disposition of the Sunshine Act claim. If, on remand, the contract were held to be valid, the matter should then be transferred to the Board of Claims for consideration of the claim of breach.