DISSENTING OPINION BY
JUDGE BROBSON
The legal issue, plainly stated, is whether, after it has received the benefit of the bargain, the Commonwealth may breach a settlement agreement with impunity. The answer is, and must be, no.
“This case must be resolved in light of our longstanding public policy which encourages settlements.” Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick, 526 Pa. 541, 587 A.2d 1346, 1348 (1991). In a 1989 decision, the Pennsylvania Supreme Court acknowledged that under the since-repealed Board of Claims Act,[1] the Board of Claims had jurisdiction over contract actions seeking to enforce (but not abrogate or void) settlement agreements with the Commonwealth. Keenheel v. Cmwlth., Pa. Sec. Comm’n, 523 Pa. 223, 565 A.2d 1147 (1989) (citation omitted) (footnote omitted). Therein, the Supreme Court recognized the importance of providing a remedy and forum to those that enter into agreements with the Commonwealth:
The significance of the Board of Claims is that it provides a forum in which companies which do business with the Commonwealth and its various agencies can present contractual disputes and seek remedies for the Commonwealth’s alleged breaches. Such actions would be impossible were it not for the Board of Claims whose enabling statute expressly abrogates the sovereign immunity that otherwise shields the Commonwealth from suits of such nature. The result, absent this exception to sovereign immunity, would be that parties with contractual complaints against the Commonwealth would be without recourse. Such a circumstance would dis *1255 suade others from providing contractual services to the Commonwealth.
Keenheel, 565 A.2d at 1149 (citation omitted) (footnote omitted).
As the majority notes, the General Assembly repealed the Board of Claims Act in 2002 and re-enacted the Board of Claims’ enabling legislation under the Procurement Code.[2] In my assessment, the Board of Claims’ jurisdiction to hear disputes over the enforcement of settlement agreements, recognized by the Supreme Court in Keenheel, remains extant under the Procurement Code. Like the Board of Claims Act, the Procurement Code includes a waiver of sovereign immunity for claims over which the Board of Claims has exclusive jurisdiction. 62 Pa. C.S. § 1702. Relevant to this matter is the Board of Claims’ exclusive jurisdiction over claims arising from “[a] contract entered into by a Commonwealth agency ... and filed with the [Bjoard in accordance with section 1712.1 (relating to contract controversies).” 62 Pa. C.S. § 1724(a)(1) (emphasis added). The Procurement Code defines “contract” as a written agreement for the procurement or disposal of “supplies, services, or construction.” Id. § 103 (emphasis added). “Services” is defined as “[t]he furnishing of labor, time or effort by a contractor not involving the delivery of a specific end product other than drawings, specifications or reports which are merely incidental to the required performance.” Id.
Unlike the majority, I would conclude that the settlement agreement (both the original and amended and restated) entered into between the Pennsylvania Game Commission (Commission) and Carl Roe (Roe) was a contract for services. Under the agreement, the Commission agreed to pay Roe $200,000.00 if Roe would tender his resignation 16 months earlier than he intended, waive all potential legal claims against the Commission, and maintain certain communications confidential. The majority concludes that Roe’s part of the bargain “does not even remotely constitute the ‘furnishing of ... effort.’ ” (Maj. Op. at 1251.) I respectfully disagree. Honoring his end of the bargain, Roe retired in January 2014. Retirement from Commonwealth service does not just happen. There is a process, which Roe agreed to initiate and conclude as part of the settlement agreement. It is not an effortZess exercise. Roe, too, agreed to waive and release any and all claims he might have against the Commission. “A waiver in law is the act of intentionally relinquishing or abandoning some known right, claim or privilege.” Brown v. City of Pittsburgh, 409 Pa. 357, 186 A.2d 399, 401 (1962) (emphasis in original). An intentional act, by definition, requires effort. Finally, Roe agreed to maintain confidentiality, which, I submit, requires ongoing effort.
In short, the settlement agreement be-' tween the Commission and Roe is a contract for “services,” as defined under the Procurement Code. Roe’s breach of contract claim, in which he seeks to enforce the terms of the contract, falls within the exclusive jurisdiction of the Board of Claims, and sovereign immunity is, therefore, waived with respect to that claim. Keenheel. I would overrule the Commission’s preliminary objection raising sovereign immunity, sustain the Commission’s alternative preliminary objection asserting the exclusive jurisdiction of the Board of Claims over Roe’s complaint, and transfer the matter to the Board of Claims for further proceedings.
Judge Leavitt joins in this dissent.

; Act of May 20, 1937, P.L. 728, as amended, fonnerly 72 P.S. §§ 4651-1 to 4651-10.

. 62 Pa. C.S. §§ 101-2311; see Sections 2, 9, 10, 12, and 12.2 of the Act of December 3, 2002, P.L. 1147 (amending relevant provisions of the Procurement Code); Section 21(a) of the Act of December 3, 2002, P.L, 1147 (repealing Board of Claims Act).