**Jean ZEPPI, Petitioner**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1997.

Decided Jan. 26, 1998.

Pasco L. Schiavo, Hazelton, for petitioner.

Michael C. Barrett, Harrisburg, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

Jean Zeppi (Zeppi) appeals from an order of the Board of Claims (board) granting the Pennsylvania State Police's (State Police) preliminary objections and dismissing Zeppi's complaint for lack of jurisdiction. We reverse and remand.

In deciding the efficacy of the State Police's preliminary objections and the correctness of the board's decision to grant the preliminary objections, we must accept as true all well-pleaded material facts set forth in Zeppi's complaint, as well as all inferences arising therefrom. *Department of Public Welfare v. UEC, Inc.*, 483 Pa. 503, 397 A.2d 779 (1979). Therefore, the relevant facts set forth in Zeppi's complaint and claim, which was filed with the board on or about September 11, 1996, are as follows.

Zeppi purchased a 1985 Chevrolet Corvette Coupe in January 1988. The vehicle was devoid of a vehicle identification number (VIN); therefore, Zeppi acquired a replacement VIN and a new certificate of title from the Pennsylvania Department of Transportation.

Thereafter, as part of an investigation of an automobile theft operation, the State Police, on June 5, 1991, took possession of Zeppi's vehicle. The State Police have been in possession of Zeppi's vehicle until the present time. Because the State Police failed to relinquish possession of the vehicle, Zeppi filed an action with the court of common pleas on August 18, 1995. The court of common pleas issued an order on September

6, 1995 ordering the State Police to relinquish possession and return Zeppi's vehicle to her in the same condition as it was acquired.

Since September 6, 1995, Zeppi has attempted to obtain possession of her vehicle from the State Police. The State Police, while not refusing Zeppi custody of the vehicle, continued to possess her vehicle from on or about June 5, 1991 through the end of April 1996, because the State Police did not pay storage charges for the vehicle. Even though the State Police paid the storage charges at the end of April 1996, the State Police have continued to retain Zeppi's vehicle because they have never restored it to its previous condition. The vehicle is disassembled and in pieces thereby preventing Zeppi from removing the vehicle from storage.

Zeppi does not have the funds to pay the storage charges for the disassembled vehicle from the end of April 1996 to the present. While there is no actual or express contract with regard to said vehicle, the State Police have at all relevant times never indicated that it would refuse to abide by the September 6, 1995 court order or that it would not pay for any or all of the damages Zeppi has sustained. Zeppi has demanded payment for the storage charges, loan payments, and insurance charges but the State Police have unreasonably failed to respond to said demands. Zeppi is seeking damages in an amount in excess of $50,000.

The State Police filed preliminary objections to Zeppi's complaint on the basis that: (1) there is no contract between Zeppi and the State Police; and (2) Zeppi's claim was untimely filed pursuant to the six-month applicable statute of limitations. *See* section 6 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–6. The board granted the preliminary objections holding that Zeppi's claim, as she clearly admits in her complaint, accrued for all intents and purposes on September 6, 1995 and her complaint was not filed until September 11, 1996. The board held that Zeppi surely knew or should have known at the time of the September 6, 1995 order the extent of her claim against the Commonwealth and she could have prepared, at that time, a satisfactory complaint setting forth the damages she incurred. This appeal by Zeppi followed.

The issue before this court is whether the board erred or abused its discretion by granting the State Police's preliminary objections and dismissing Zeppi's complaint for lack of jurisdiction.

■ Section 6 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–6, provides, in pertinent part, that the board shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued. Our Supreme Court has recently embraced the bright line standard regarding claim accrual previously established by this court in *Crawford's Auto Center, Inc. v. Pennsylvania State Police*, 655 A.2d 1064 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 651, 666 A.2d 1059 (1995). In *Darien Capital Management, Inc. v. Pennsylvania School Employes' Retirement System*, 549 Pa. 1, 5–7, 700 A.2d 395, 397 (1997), our Supreme Court held that a claim accrues when (1) a claimant is first able to litigate his or her claim, e.g., when the amount due under the claim is known and the claimant is capable of preparing a concise and specific written statement detailing the injury; *and* (2) the claimant is affirmatively notified that he or she will not be paid by the Commonwealth. Moreover, the Supreme Court in *Darien*, upheld this court's requirement that the denial by the Commonwealth to pay a claim must be affirmative and unequivocal. In the opinion of the Supreme Court:

Common sense dictates no less. To hold that a claim accrues solely when a party is able to prepare a detailed statement of the claim, would negatively impact both contractors and the Commonwealth by encouraging needless and premature litigation. ...

In sum, we believe that the strong public policy of minimizing needless litigation would be ill-served by adopting a rule of claim accrual which fails to include a requirement of affirmative and unequivocal notification of the denial of a claim against the Commonwealth.

*Darien*, 549 Pa. at 10–11, 700 A.2d at 399.

■ Based on the two prong standard for determining when a claim accrues as set

forth in *Darien*, we believe that the board did err in granting the State Police's preliminary objections and dismissing Zeppi's complaint for lack of jurisdiction. Herein, the board held that Zeppi's claim was untimely based solely on the first prong of the required standard—that Zeppi was able to prepare a detailed statement of her claim on September 6, 1995. However, if the allegations of Zeppi's complaint are taken as true, the State Police have not affirmatively and unequivocally refused Zeppi's claim.

The State Police contend that to the extent a refusal to pay any of Zeppi's claims is required, certainly the filing by the State Police of preliminary objections on January 18, 1996, to Zeppi's original complaint filed with the court of common pleas, put her on notice of an express refusal to pay. We believe that the filing of preliminary objections to a complaint seeking damages against the Commonwealth is insufficient to satisfy the Supreme Court's requirement that the Commonwealth's refusal to pay a claim must be affirmative and unequivocal. When the State Police filed preliminary objections to Zeppi's complaint, based primarily on sovereign immunity, the State Police were merely defending the action filed with the court of common pleas. The preliminary objections clearly were not an affirmative and unequivocal statement of denial of Zeppi's claim by the State Police. *See* Reproduced Record at 40—46.

Accordingly, the board's order is reversed and this matter is remanded for a hearing on the merits of Zeppi's complaint and claim.

### ORDER

AND NOW, this 26th day of January, 1998, the order of the Board of Claims, dated March 20, 1997, at No. FC–1105–96, is reversed and this matter is remanded for a hearing on the merits of Jean Zeppi's complaint and claim.

Jurisdiction relinquished.

SMITH, J., concurs in the result only.