**HDTL, INC., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, STATE WORKERS' INSURANCE FUND, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1997.
Decided March 18, 1998.

Peter G. Loftus, Waverly, for petitioner.

James D. Jordan, Scranton, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

KELLEY, Judge.

HDTL, Inc. (petitioner) petitions for review of an order issued by the Board of Claims. The board dismissed petitioner's complaint concluding, *sua sponte*, that the complaint had been untimely filed. We reverse and remand the case for a hearing on the merits.

Petitioner commenced a civil action against the State Workers' Insurance Fund (SWIF) by filing a praecipe for writ of summons with the Court of Common Pleas of Centre County (trial court) on March 6, 1996. Petitioner then filed a complaint with the trial court on August 14, 1996 alleging that SWIF owed petitioner an insurance premium refund in the amount of $88,706. SWIF filed preliminary objections on August 26, 1996 alleging that the complaint violated various rules of civil procedure.

The parties eventually stipulated that subject matter jurisdiction of petitioner's claim lay with the Board of Claims. Consequently, the trial court ordered the case to be transferred to the board on November 1, 1996. SWIF filed preliminary objections with the board again challenging the legal sufficiency of petitioner's complaint. Specifically, SWIF asserted that petitioner violated Pa.R.C.P. No. 1024(c) by failing to verify the factual averments in its complaint. In addition,

SWIF argued that petitioner did not provide a copy of the insurance contract, upon which the cause of action is based, in violation of Pa.R.C.P. No. 1019(h). SWIF did not challenge the timeliness of petitioner's complaint in its preliminary objections.

The board issued a decision and order on March 21, 1997 before holding a hearing. The decision found that petitioner's cause of action accrued on February 8, 1996. This finding is based upon a letter attached to the complaint dated February 8, 1996. The letter, which states the basis for petitioner's cause of action, is signed by the former president of petitioner and is directed to the Office of the Attorney General.

In the order, the board concluded *sua sponte* that petitioner's complaint had been filed in an untimely manner. In making this legal conclusion, however, the board focused on the manner in which the petitioner commenced its claim. Specifically, the board stated that section 6 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–6(Act),[1] requires a claimant to commence an action with the board by filing "with the secretary of the board a concise and specific written statement of [the] claim...." The board determined that the praecipe for writ of summons filed by petitioner in the trial court did not satisfy this particular mandate of section 6 of the Act. After noting that it is required to follow the Pennsylvania Rules of Civil Procedure which are consistent with the Act, the board opined that the commencement of an action by the filing of a praecipe for writ of summons is inconsistent with the statement of claims provision of section 6 of the Act. According to the board, the praecipe for writ of summons merely advised SWIF of a claim; it did not evidence a concise and specific written statement of the claims.

After deciding that the praecipe for writ of summons did not satisfy section 6 of the Act,

---

1. Section 6 of the Act provides, in pertinent part, as follows:

    The board shall have no power and exercise *no jurisdiction* over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued. The claimants shall advise the department involved, in writing, of such claim, specifying the details thereof, and shall, within the same period, file with secretary of the board a concise and specific written statement of this claim, signed and verified by the claimant before an officer authorized to administer oaths.

the board considered petitioner's complaint for statute of limitations purposes. Since petitioner's cause of action accrued on February 8, 1996, the date of the above-referenced letter, the board concluded that petitioner's filing of its complaint on August 14, 1996 exceeded the statutory time limit by six days. Accordingly, the board dismissed the petitioner's action stating that it did not have "jurisdiction of this matter."

This appeal presents the following two issues for review: (1) whether a praecipe for writ of summons filed in a common pleas court pursuant to Pa.R.C.P. No. 1007 is sufficient to preserve a cause of action transferred to the Board of Claims pursuant to section 5103 of the Judicial Code, 42 Pa.C.S. § 5103; and (2) assuming that a praecipe for writ of summons does not toll the statute of limitations, whether SWIF waived the statute of limitation defense by failing to raise it by way of preliminary objection.[2]

The procedural issues presently before this court arose because the trial court did not have subject matter jurisdiction over the case. Once the parties agreed that subject matter jurisdiction rested with the Board of Claims, the trial court properly transferred the case to the board. The trial court's authority to transfer the case is set forth in section 5103 of the Judicial Code, 42 Pa.C.S. § 5103.

Specifically, section 5103(a) of the Judicial Code states that "[i]f an appeal or other matter is taken or brought in a court ... which does not have jurisdiction of the appeal or other matter, the court shall not quash such appeal or dismiss the matter, but shall transfer the record to the proper tribunal...." Moreover, section 5103(d) of the Judicial Code expressly defines the Board of Claims to be a tribunal. We initially conclude that the trial court appropriately exercised its power by transferring this case to the proper tribunal, the Board of Claims.

Next, we must determine whether the filing of the praecipe for writ of summons in the trial court preserved petitioner's claim upon transfer to the Board. Section 5103(a) of the Judicial Code provides, in relevant part, that an appeal or other matter, which has been transferred to the appropriate tribunal, shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court of this Commonwealth. 42 Pa.C.S. § 5103(a). With this statute in mind, we will review petitioner's actions before the trial court.

Petitioner became aware of its right to an insurance refund from SWIF on February 8, 1996. Petitioner promptly and properly initiated legal proceedings against SWIF pursuant to Rule 1007 of the Pennsylvania Rules of Civil Procedure.[3] Specifically, petitioner commenced an action in the trial court by filing with the prothonotary a praecipe for a writ of summons on March 6, 1996. Petitioner then filed a complaint with the trial court on August 14, 1996 detailing the nature of its claim.

■ At this point in the litigation, petitioner's cause of action is legitimately before the trial court. Petitioner has complied with the rules of civil procedure regarding the commencement of a cause of action in a common pleas court. Furthermore, we note that the filing of a praecipe for writ of summons is sufficient to toll the running of a limitation provided that the plaintiffs refrain from a course of conduct which serves to stall in its tracks the legal machinery that has been set in motion. *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986). In the absence of such conduct by petitioner, we conclude that petitioner followed satisfactory procedure when it filed its cause of action in the trial court, even though the trial court did not have subject matter jurisdiction over the case.

2. Our scope of review of an order of the Board of Claims is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Vartan v. Commonwealth*, 151 Pa.Cmwlth. 86, 616 A.2d 160 (1992); *petition for allowance of appeal denied*, 535 Pa. 627, 629 A.2d 1386 (1993).

3. Pa.R.C.P. No. 1007(1) expressly permits an action to be commenced by filing with the prothonotary a praecipe for a writ of summons.

Following the opinion of the Board, SWIF contends that Pa.R.C.P. No. 1007 is inconsistent with the "concise and specific written provision" of section 6 of the Act because it allowed petitioner to initiate proceedings by filing a praecipe for writ of summons. Though not specifically stated, SWIF's contention is based on section 8 of the Act, 72 P.S. § 4651-8, which provides, in relevant part, that all matters before the board or hearing panel shall be governed by all of the rules of Pennsylvania Civil Procedure which are not inconsistent with this act.

SWIF's reasoning may be persuasive if petitioner originally filed the praecipe for writ of summons with the Board of Claims. Petitioner, however, commenced this cause of action in the trial court where the Pennsylvania Rules of Civil Procedure apply. SWIF wants this court to apply the board's procedural requirements, as set forth in section 6 of the Act, to legal proceedings pending in the trial court. We are unwilling to do so for the following reasons.

Acceptance of SWIF's argument would render section 5103 of the Judicial Code meaningless in the present context. According to SWIF's reasoning, any action that is erroneously commenced in a common pleas court by the filing of a praecipe for writ of summons pursuant to Pa.R.C.P. No. 1007(1), would be dismissed for failure to adhere to the criteria of section 6 of the Act. This reasoning ignores the fact that section 5103 of the Judicial Code authorizes a court to transfer an erroneously filed case to the proper tribunal and requires that the case be treated as if originally filed in the transferee tribunal.[4]

Additionally, we note that section 5103 of the Judicial Code is a statute and not a rule of civil procedure. Therefore, section 8 of the Act does not void its applicability. Instead, we are required to construe the statute so as to fully ascertain and effectuate the intention of the General Assembly. 1 Pa. C.S. § 1921. In doing so, we point out that the General Assembly, by adding section 5103(d) in 1982 to expressly include the Board of Claims as a tribunal, certainly intended section 5103(a) of the Judicial Code to apply to cases transferred to the Board of Claims.

■ Accordingly, we hold that petitioner's filing of the praecipe for writ of summons on March 6, 1996 validly preserved petitioner's cause of action upon its transfer to the Board of Claims. Therefore, we conclude that the board committed legal error when it *sua sponte* dismissed petitioner's complaint for being filed in an improper and untimely manner.[5]

Our conclusion that petitioner's claim is properly before the board is further bolstered by the fact that the praecipe for writ of summons provided SWIF with sufficient notice of the claim. Moreover, petitioner filed its complaint with the trial court two and a half months before the case was transferred to the board.[6] When the case arrived before the board, SWIF had sufficient knowledge of the nature of the action. Therefore, having this case heard on the merits would not be prejudicial to the substantial rights of SWIF.

Accordingly, the order of the Board of Claims is reversed and this matter is re-

---

4. This court has interpreted section 5103 of the Judicial Code to allow a transferred case, for statute of limitations purposes, to be treated as if filed in the proper tribunal on the date that it was filed in the first tribunal. *See Davis v. Commonwealth,* 660 A.2d 157 (Pa.Cmwlth.1995).

5. Since we have disposed of this matter on the stated grounds, we need not address whether SWIF waived the affirmative defense of statute of limitations.

6. Since the rules of civil procedure apply to the board, we note that Pa.R.C.P. No. 126 vests the

board with discretion to waive procedural errors. *See Green International, Inc. v. Department of General Services,* 103 Pa.Cmwlth. 84, 518 A.2d 1323 (1987). Specifically, Pa.R.C.P. No. 126 provides:

> The rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

manded to the board for a hearing on the merits.

*ORDER*

AND NOW, this 18th day of March, 1998, the order of the Board of Claims, dated March 21, 1997, at No. 2301, is reversed and this matter is remanded to the Board of Claims for a hearing on the merits.

Jurisdiction relinquished.