Peter D. HUNT, E. Michael Dugan, Nancy R. Johnson, Marilyn J. Labosky, Michelle M. Logan, Connie R. Rusin and Rhonda J. Seamon, Petitioners,

v.

Gary GOECKEL, Tina Pickett and Janet Lewis, Bradford County Commissioners, and Bradford County Retirement Board, Respondents,

v.

GOVERNOR'S COUNCIL ON DRUG AND ALCOHOL ABUSE, OFFICE OF the GOVERNOR of the COMMONWEALTH of PENNSYLVANIA; Department of Health, Office of Drug and Alcohol Programs, Commonwealth of Pennsylvania; and State Civil Service Commission, Commonwealth of Pennsylvania, Additional Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 20, 1998.

Decided June 24, 1998.

David C. Shipman, Williamsport, for petitioners.

Michael A. Farnan, Deputy Attorney General, Harrisburg and Robert E. Durrant, Pittsburgh, for respondents.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Peter D. Hunt, E. Michael Dugan, Nancy R. Johnson, Marilyn J. Labosky, Michelle M. Logan, Connie R. Rusin and Rhonda J. Seamon (collectively, Petitioners) are past or present employees of the Bradford/Sullivan Counties Drug and Alcohol Program. Gary Goeckel, Tina Pickett and Janet Lewis are

---

**5.** Although this issue is not before the Court, subsection (c) seems to require legislative action.

Bradford County Commissioners and are members of the Bradford County Retirement Board.[1] On December 13, 1996, Petitioners brought an action in the Court of Common Pleas of Bradford County (trial court) against Respondents alleging that, pursuant to a personnel agreement entered into on July 1, 1985, by the Department of Health, Office of Drug and Alcohol Programs, the commissioners of Bradford and Sullivan Counties and the State Civil Service Commission, Petitioners became employees of Bradford County. Petitioners sought a declaration that they are third-party beneficiaries of the personnel agreement and that as of July 1, 1985, they were entitled to participate in the Bradford County pension plan. Petitioners' complaint also included a count in mandamus requesting that this Court order Respondents to credit them for their years of county service for purpose of vesting in the Bradford County pension plan and to pay to each Petitioner the penalty each Petitioner was required to pay in order to transfer his or her previous retirement funds into the Bradford County pension plan.

Respondents filed an answer in which they asserted that Petitioners did not become employees of Bradford County until June 25, 1995. Respondents allege that prior to this date, Petitioners were employees of the Bradford/Sullivan Counties Drug and Alcohol Program or its predecessor, the Bradford/Sullivan/Tioga Counties Drug and Alcohol Program. Respondents also filed a complaint joining the following additional defendants: the Governor's Council on Drug and Alcohol Abuse; the Department of Health, Office of Drug and Alcohol Programs; and, the State Civil Service Commission (collectively, Additional Respondents). In their complaint, Respondents alleged that joinder of Additional Respondents was necessary because the case could not be appropriately adjudicated without their involvement. Respondents alleged that the Bradford/Sullivan Counties Drug and Alcohol Program was a delegate agency of the Governor's Council on Drug and Alcohol Abuse and that its employees were

Commonwealth employees. Respondents sought a determination that Petitioners were employees of the Commonwealth or, in the alternative, that the Commonwealth was responsible to provide the requisite financial support necessary to maintain the Bradford County Pension Plan in the event that it was concluded that Petitioners were Bradford County employees.

Additional Respondents filed preliminary objections to the complaint alleging that the Board of Claims had exclusive subject matter jurisdiction over the case, and, in the alternative, that this matter came within this Court's original jurisdiction. Additional Respondents sought dismissal of the complaint for lack of jurisdiction, or in the alternative, transfer of the action to the Board of Claims or to Commonwealth Court. On September 19, 1997, the trial court granted the preliminary objections and transferred the case to this Court.

This Court, *sua sponte*, raised the issue of whether the Board of Claims had jurisdiction over the matter. After oral argument, the Court issued an order concluding that jurisdiction was proper in this Court. Additional Respondents then filed an application for reargument. This Court granted the application and vacated its previous order.

Additional Respondents argue that the matter is properly within the jurisdiction of the Board of Claims. Additional respondents assert that the case should be transferred to the Board of Claims because Petitioners rely on provisions of the personnel agreement to assert their claim and because Petitioners alleged that this agreement is a contract.

Respondents argue that jurisdiction does not lie in the Board of Claims. Respondents assert that their claims against Additional Respondents do not arise from a contract with the Commonwealth, and that the claims instead focus entirely upon the Commonwealth's statutory and regulatory duty to provide funding for Petitioners' pensions plans in accordance with the County Pension Law. Respondents assert that the matter

---

1. Goeckel, Pickett, Lewis and the Bradford County Retirement Board will be referred to collectively as Respondents.

comes within the original jurisdiction of this Court.

Petitioners agree with Additional Respondents that jurisdiction lies within the Board of Claims but argue that, under the circumstances presented in the case, the case should not be transferred to the Board of Claims. Petitioners argue that the third party complaint against Additional Respondents should be dismissed and the case transferred back to the trial court for disposition. Petitioners argue that a transfer would serve the interest of judicial economy, public policy and practicality. If Respondents prevail in the trial court, there would be no need for the Board of Claims to hear Petitioners' claims. If Petitioners prevail, Additional Respondents could be requested to provide the necessary funding. Only if Additional Respondents declined to provide the finding, would it become necessary to bring the case before the Board of Claims.

The Board of Claims has "exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." Section 4 of what is commonly referred to as the Board of Claims Act, Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651–4.

In *Shovel Transfer And Storage, Inc. v. Simpson,* 523 Pa. 235, 565 A.2d 1153 (1989), Shovel filed a petition for review in the nature of mandamus, seeking declaratory and injunctive relief. Specifically, Shovel sought to compel the comptroller of the Pennsylvania Liquor Control Board and the Secretary for Budget and Administration to sign a contract, or, alternatively, to have the contract declared valid without their signatures. This Court found that the action was not a contract claim and that the jurisdiction of the Board of Claims had not been invoked. On appeal, the Supreme Court reversed the order of the Commonwealth Court and remanded the case to the Board of Claims. The Court concluded that Shovel's objective was to establish the existence of an enforceable contract. Therefore the claim was contractual in nature, subject to the jurisdiction of the Board of Claims. The Court reasoned:

A 'claim … arising from a contract' is often a dispute over the existence of the alleged contract as well as the liability flowing from it. In order for the Board of Claims to accept jurisdiction over a particular cause of action, it necessarily must determine as a factual predicate whether there is a valid contract in existence. Like any other tribunal, the Board of Claims has the implicit right to decide every question which occurs in a cause of action over which it has jurisdiction.

*Id.* at 239–40, 565 A.2d at 1155. The Court went on to state:

The mere fact that the validity of a contract may turn upon issues of statutory duty does not create a statutory right of action. Rather, the focus is upon the origin of the rights claimed. In the instant matter, Shovel's objective is to establish the contractual relationship. Shovel's right to pursue this objective derives necessarily from the rights and obligations created by the contract, not by the alleged violation of a statute by the PLCB or the appellants. Shovel's action thus assumes the nature of a breach of contract action in which a traditional remedy for the breach, namely specific performance, is sought. The proper forum for this type of action, therefore, is the Board of Claims.

*Id.* at 241, 565 A.2d at 1156.

In *Keenheel v. Pennsylvania Securities Commission,* 523 Pa. 223, 565 A.2d 1147 (1989), the appellant brought an action in the original jurisdiction of the Commonwealth Court seeking to rescind or to nullify an agreement entered into with his former employer, the Pennsylvania Securities Commission. This Court concluded that the matter was based upon a contract and that the appropriate forum to resolve the issue was the Board of Claims. On appeal, the Supreme Court concluded that the action was not one arising from a contract and remanded the matter to Commonwealth Court. The Supreme Court stated that the contract was not the basis for the claim asserted by the appellant against the Commonwealth and concluded that "[t]he jurisdiction of the Board of Claims is not triggered simply because a contract may be involved in an ac-

tion, rather the jurisdictional predicate is satisfied only when the claimant relies upon the provisions of that contract in asserting the claim against the Commonwealth." *Id.* at 227–28, 565 A.2d at 1149. In contrast to *Shovel Transfer*, the appellant in *Keenheel* was not asserting a claim against the Commonwealth. Rather, he was attempting to nullify the contract. Therefore, jurisdiction did not lie in the Board of Claims.

In the matter before us, Petitioners' objective is to establish that they were entitled to participate in the Bradford County pension plan as of July 1, 1985. In support of their claim, Petitioners rely on provisions of a personnel agreement entered into by Respondents and Additional Respondents. Respondents alleged that Petitioners were employees of the Commonwealth, or in the alternative, that the Commonwealth was responsible to provide the necessary financial support in order to maintain the Bradford County pension plan in the event that it was concluded that Petitioners were Bradford County employees. Under either of these arguments, the status of Petitioners would be determined by reference to the provisions of the personnel agreement. Any statutory obligation of the Commonwealth to fund Petitioners' pensions would flow from the determination of their status under the personnel agreement. Thus, the claims asserted against the Commonwealth are based on a contract entered into by the Commonwealth, and jurisdiction over this case lies in the Board of Claims. Accordingly, we will transfer this case to the Board of Claims.

### ORDER

AND NOW, this 24th day of June, 1998, the case is transferred to the Board of Claims.