**Mark KUTNYAK, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 8, 1999.

Decided Feb. 15, 2000.

Reargument Denied April 25, 2000.

---

Mark Kutnyak, petitioner, pro se.

Melissa A. Swauger, Camp Hill, for respondent.

OPINION PER CURIAM.

Mark Kutnyak appeals from an order of the Board of Claims (Board) granting the preliminary objections filed by the Department of Corrections (Department) and dismissing Kutnyak's two claims for lack of jurisdiction. We affirm the Board's dis-

missal of Kutnyak's bail bond claim on other grounds; we reverse the Board's dismissal of Kutnyak's power of attorney claim and remand the matter to the Board for further proceedings.

On December 14, 1998, Kutnyak wrote a letter to the Board indicating his intent to file a breach of contract action against the Commonwealth of Pennsylvania and requesting a copy of the Board's rules. Kutnyak asserted in the letter that, on November 14, 1994, the Commonwealth of Pennsylvania entered into a contract with Kutnyak in the nature of a $25,000 appearance bond and that, on or about June 20, 1995, the Thirty-eighth Judicial District of Montgomery County "arbitrarily struck" the contract. (12/14/98 letter at 2.) As a result, Kutnyak sustained a loss of $2,500, the purchase price of the bond, and a loss of wages for a period of eighty-five days. (12/14/98 letter at 2.)

The Board sent a copy of its rules to Kutnyak,[1] emphasizing Rule 201(d), which states that a "claim is timely only if it is received at the Board's address within 6 months after it accrued."[2] Kutnyak responded in a letter to the Board dated December 23, 1998, wherein he acknowledged the six-month rule but explained that, during the six months following the Commonwealth's breach of contract, he was incarcerated without the assistance of counsel. Kutnyak stated that he still in-

tended to file a claim with the Board once he obtained the required filing fee of $50.00.[3] (12/23/98 letter.) In a third letter to the Board dated December 28, 1998, Kutnyak informed the Board that he was "forwarding" the filing fee to the Board. (12/28/98 letter.)

Kutnyak had evidently filed a complaint with the United States District Court for the Eastern District of Pennsylvania (District Court) containing a breach of contract claim against the Commonwealth of Pennsylvania, the Office of the Attorney General, the Thirty-eighth Judicial District and others. The District Court apparently dismissed the complaint. (*See* 1/14/99 letter, praecipe.) On January 14, 1999, Kutnyak sent the Board a copy of a praecipe that Kutnyak had just filed with the District Court requesting that the District Court transfer the breach of contract claim to the Board nunc pro tunc.[4] In a cover letter to the Board, Kutnyak stated: "I am not aware of a right to maintain a claim before [the Board] in the absence of a transfer, in view of the statute of limitations." (1/14/99 letter at 2.) Kutnyak also stated that, in the event a transfer is possible, the Board should apply the filing fee towards his claim for breach of the November 14, 1994 bail contract. (1/14/99 letter at 3–4.)

On February 4, 1999, the Board served the Department of Corrections (Department) with a copy of Kutnyak's claim.[5]

1. (12/16/98 letter of the Board.)

2. 61 Pa.Code § 899.201(d); *see* section 6 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. § 4651–6 (stating that the Board has "no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued.").

3. *See* 61 Pa.Code § 899.201(b).

4. In support of the praecipe, Kutnyak averred that, during the six months from June 20, 1995 to December 17, 1995, the public defender representing him never advised him to file his breach of contract claim with the Board. (Praecipe, paras.14–15.) Kutnyak also averred that it required three years of pro

se investigation before Kutnyak learned that the Board had jurisdiction over his breach of contract claim. (Praecipe, para.22.)

5. In his January 14, 1999 letter to the Board, Kutnyak suggested that the Department had a duty or obligation to him "under contract" to properly handle his mail. (1/14/99 letter at 3.) On March 17, 1999, Kutnyak filed an amended complaint with the Board, alleging that on November 24, 1995, the Department and Kutnyak executed a power of attorney agreement requiring that the Department receive and document mail on Kutnyak's behalf during his incarceration. (Amended complaint, para. 26; *see also* Power of attorney.) Kutnyak further alleged that the Department breached the contract when Kutnyak placed legal documents in the possession of the De-

(Department's brief, Appendix A.) On February 19, 1999, the Department filed preliminary objections to the claim, arguing that the claim fails to state a cause of action against the Department and that the Board lacks jurisdiction over the matter.

Kutnyak subsequently filed a letter with the Board, dated February 19, 1999, addressed to counsel for the Department. Kutnyak informed the Department in this letter that: "[N]o action exists or is currently going to be presented to the [Board] that would concern the Chief Counsel of the Department of Corrections." (12/19/99 letter.) In a letter to the Board dated February 24, 1999, Kutnyak stated: "I have properly notified [counsel for the Department] of the proper jurisdiction [for my claim against the Department,] and I can only hope that the Attorney General for the Commonwealth will be defending the complaint in contract" relating to the November 14, 1994 bail bond. (12/24/99 letter.)

In another letter to the Board, dated March 1, 1999, Kutnyak stated as follows:

I did not anticipate that [the Board] would consider my correspondence dated December 14, 1998 an action toward the initiation of [a] suit in contract.

My primary concern is toward whether or not [the Board] will allow me to present argument in regards to the bail contract in which the necessity of a Petition For Review Nunc Pro Tunc will have to be presented before the anticipation of a response from the Office of the Attorney General could in any event be presumably possible.

In view of the procedural posture of [this case,] I will present a Petition For Review, Nunc Pro Tunc with the response to the [Department's preliminary] objections. . . .

(3/1/99 letter at 3.)

In a letter to the Board dated March 8, 1999, the Department referred to Kutnyak's February 19 and February 24, 1999 letters and stated as follows:

It is apparent from these two letters that Mark Kutnyak neither alleged a contract claim against the Department nor did he intend to sue the Department in the above-captioned case. As a result, I am respectfully requesting that you dismiss the [Department] from the above-captioned case.

(3/8/99 letter.)

On March 15, 1999, Kutnyak filed with the Board a motion for leave to amend his complaint. Kutnyak sought leave to add the Attorney General as a party to the action for breach of a bail contract and to add a separate action against the Department for breach of a November 24, 1995 contract, i.e., the power of attorney agreement. (3/15/99 motion.)

Kutnyak filed an amended complaint on March 17, 1999, making the following allegations. In August 1998, after the District Court dismissed his breach of contract claim, he filed a petition for rehearing before the court en banc. (Amended complaint, paras. 2, 9, 13.) However, Kutnyak learned in October 1998 that the District Court never received his petition. (Amended complaint, para. 1.) To prove to the U.S. Court of Appeals that he had filed the petition, Kutnyak requested and received pertinent legal documents that were being kept in the prison's restricted housing unit storage area. (Amended complaint, paras. 2, 9.) Kutnyak gave the documents to a corrections officer to be sent through the prison's in-house mail system to the prison's librarian for photocopying. (Amended complaint, paras. 3, 5.) Although the Department and Kutnyak had entered into a power of attorney agreement on November 24, 1995 requiring that the Department provide him with a receipt for his mail,[6] the corrections officer did not

partment for in-house mailing and the Department failed to provide him with a receipt. (Amended complaint, paras. 3, 19.)

6. The power of attorney agreement (Form DC-155) appointed the superintendent or director of the institution to which Kutnyak is

give Kutnyak a receipt. (Amended complaint, paras. 3–4.) Kutnyak subsequently learned that the prison's mailroom never received the documents and that the documents were missing. (Amended complaint, para. 8.) As a result of the Department's breach of the power of attorney agreement, Kutnyak was unable to prove to the U.S. Court of Appeals that he filed a petition for en banc review with the District Court. (Amended complaint, paras. 13–14.) Not only was Kutnyak unable to pursue his appeal in federal court, Kutnyak lost the money he spent to photocopy, mail and file the petition.[7] (Amended complaint, para. 29.)

On March 19, 1999, Kutnyak filed a response and a brief in opposition to the Department's preliminary objections. In his brief, Kutnyak argues that he has filed a timely amended complaint against the Department and that the breach of bail bond claim will not accrue until the Governor, the Attorney General or the Thirty-eighth Judicial District refuses to pay damages for breach of the contract. In other words, argues Kutnyak, the breach of bail bond claim is not yet ripe. (Kutnyak's response and brief.)

By order dated April 7, 1999, the Board granted the Department's preliminary objections and dismissed Kutnyak's breach of bail bond claim for lack of jurisdiction. The Board explained in its opinion that the claim was filed more than six months after its accrual on June 20, 1995.

### I.

On appeal to this court,[8] Kutnyak argues that the Board erred in dismissing

his bail bond claim because it was filed more than six months after its accrual on June 20, 1995. We agree.

A claim accrues when (1) the claimant is first able to litigate the claim, e.g., when the amount due is known and the claimant is capable of preparing a concise and specific written statement detailing the injury; *and* (2) the claimant is affirmatively notified that the Commonwealth will not pay the claim. *Zeppi v. Pennsylvania State Police*, 705 A.2d 1368 (Pa.Cmwlth.1998); *see Darien Capital Management, Inc. v. Public School Employes' Retirement System*, 549 Pa. 1, 700 A.2d 395 (1997). Moreover, the Commonwealth's denial of the claim must be unequivocal. *Crawford's Auto Center, Inc. v. Pennsylvania State Police*, 655 A.2d 1064 (Pa.Cmwlth.), *appeal denied*, 542 Pa. 651, 666 A.2d 1059 (1995).

Here, there is nothing in the record indicating that, on June 20, 1995, the Commonwealth affirmatively and unequivocally denied Kutnyak's claim for the cost of his bail bond and his lost wages. In fact, as Kutnyak points out, the Commonwealth *still* has not affirmatively and unequivocally denied Kutnyak's claim. Therefore, the Board erred in dismissing Kutnyak's claim for lack of jurisdiction because Kutnyak filed the claim more than six months after its accrual on June 20, 1995.

However, we affirm the Board's dismissal of Kutnyak's breach of bail bond claim on other grounds.[9] Indeed, because

---

confined, or an authorized representative, to be Kutnyak's "true and lawful attorney ... to receive and document receipt of mail on [Kutnyak's] behalf." (Power of attorney, *see* Kutnyak's brief at 30.)

**7.** The Department has not filed preliminary objections to Kutnyak's amended complaint.

**8.** Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *HDTL,*

*Inc. v. Department of Labor and Industry, State Workers' Ins. Fund,* 707 A.2d 655 (Pa. Cmwlth.1998). In reviewing preliminary objections, we must accept as true all well-pleaded material facts, and preliminary objections will be sustained only when they are clear and free from doubt. *Duquesne Light Co. v. Department of Environmental Protection,* 724 A.2d 413 (Pa.Cmwlth.1999).

**9.** We may affirm on other grounds where grounds for affirmance exist. *Karl Smith Dev. Co. v. Borough of Aspinwall,* 125 Pa.

the Commonwealth has not affirmatively and unequivocally denied Kutnyak's bail bond claim, the matter is not ripe.[10]

## II.

Kutnyak also argues that he filed a proper amended complaint pursuant to 61 Pa.Code § 899.206(b)(1), asserting a claim for damages arising from the Department's breach of the November 24, 1995 power of attorney agreement. In raising this issue, Kutnyak apparently believes that the Board dismissed his power of attorney claim. However, the Board's disposition of Kutnyak's amended complaint is not clear to us.

The Board's April 7, 1999 order grants the Department's preliminary objections and dismisses "the Claim of Mark Kutnyak" for lack of jurisdiction. The preliminary objections granted in the Board's order were filed in opposition to Kutnyak's bail bond claim, *not* in opposition to the power of attorney claim raised in the amended complaint. Moreover, the bail bond claim is the *only* claim discussed in the Board's opinion; nowhere does the Board mention the power of attorney claim or the amended complaint. In other words, it appears that the Board made no ruling on Kutnyak's amended complaint.

The Board's regulation at 61 Pa.Code § 899.206(a) states that an amended pleading may be filed under the Pennsylvania Rules of Civil Procedure, by the agreement of the parties or by leave of the Board. Kutnyak states that he requested leave of the Board to file his amended complaint pursuant to 61 Pa.Code § 899.206(b)(1). Subsection (b)(1) states that, if an amended pleading requires leave of the Board, the "Board may allow the amendment or order the issue for argument." Nothing in the record states that the Board allowed the amendment, ordered the issue for argument or disallowed the amendment. Again, it appears that the matter is still pending before the Board.

■ Because the Board has not properly disposed of Kutnyak's power of attorney claim, we remand this case to the Board for disposition of that matter.[11]

---

Cmwlth. 687, 558 A.2d 181 (1989), *appeal denied*, 525 Pa. 614, 577 A.2d 545 (1990).

**10.** Even if the matter were ripe, Kutnyak would have no action for breach of contract against the Commonwealth. Kutnyak's claim is that, when the Thirty-eighth Judicial District revoked his bail, the court breached its agreement with Kutnyak to allow him to be released on a $25,000 bail bond. Without deciding whether the court breached a "contract," we note that the granting of bail is subject to conditions and may be modified pursuant to Rule 4008 of the Rules of Criminal Procedure.

**11.** We note that the Board has exclusive jurisdiction over all claims against the Commonwealth arising from contracts entered into with the Commonwealth where the amount in controversy is $300.00 or more. Section 4 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.L. 4651–4. This means that the jurisdiction of the Board is triggered "when the claimant relies upon the provisions of [a] contract in asserting the claim against the Commonwealth." *Hunt v. Goeckel*, 713 A.2d 746, 748–49 (Pa.Cmwlth.1998) (quoting *Keenheel*

*v. Pennsylvania Securities Commission*, 523 Pa. 223, 565 A.2d 1147 (1989)).

There is no question that Kutnyak relied upon the provisions of a contract in asserting the power of attorney claim against the Department. A power of attorney is an "instrument in writing whereby one person, as principal, appoints another as his agent and confers authority to perform certain specified acts or kinds of acts on behalf of [the] principal." *Black's Law Dictionary* 1171 (6th ed.1990). Moreover, an agent is liable for loss caused to the principal by any breach of duty in accordance with the principles stated in the Restatement of Contracts. *Restatement (Second) of Agency*, §§ 400–01 (1958); *see Restatement (Second) of Contracts* §§ 344 cmt. a, 345, 347 cmt. a (1981).

Here, Kutnyak claims that the Department breached its duty under the November 24, 1995 power of attorney agreement to give Kutnyak a receipt for his mail. Absent a receipt, Kutnyak could not prove to the U.S. Court of Appeals that he had filed a timely petition for en banc review with the District Court. As a result, Kutnyak lost the money he spent to photocopy, mail and file the petition. Kutnyak's claim against the Department is for those "out of pocket" expenses.

*ORDER*

AND ,NOW, this 15th day of February, 2000, the order of the Board of Claims (Board), dated April 7, 1999, dismissing Mark Kutnyak's bail bond claim is affirmed. In addition, this case is remanded to the Board for disposition of the power of attorney claim that Kutnyak raised in his amended complaint.

Jurisdiction relinquished.

PELLEGRINI, Judge, dissenting.

I respectfully dissent from the majority's decision to vacate the Board of Claims' decision to dismiss two claims filed by Mark Kutnyak because it did not have jurisdiction to hear either of those claims.[1]

At the outset, it is necessary to note that Kutnyak's brief is a stream of conscious ramble. What can be discerned, though, is that the first claim arose when Kutnyak was arrested on the charge of burglary. Kutnyak entered into a bail bond contract with the Commonwealth of Pennsylvania (Commonwealth), Zeke's Bail Bonds and International Fidelity, in which Zeke's Bail Bonds agreed to be jointly and severally bound to pay the Commonwealth $25,000 if Kutnyak failed to appear at all proceedings regarding a burglary charge. On June 20, 1995, Kutnyak's bail was revoked and his payment of $2,500 on the bail bond was forfeited and he spent 85 days in jail before his trial and conviction. He filed a claim with the Board contending that the Commonwealth, in revoking his bail, breached a contractual agreement based on the bail bond resulting in a loss of $2,500 and 85 days of wages.

The second claim arose during his confinement at the State Correctional Institution at Retreat. To receive mail, Kutnyak executed a power of attorney with the Department of Corrections (Department) providing for the Superintendent/Director of the institution to receive and document receipt of mail on Kutnyak's behalf for as long as he was confined as an inmate to an institution within the Department. When the Department purportedly failed to provide him with a receipt for mail posted with the Department for an appeal to the Third Circuit Court of Appeals regarding the Commonwealth's breach of the bail bond, he filed a claim against the Department, alleging that this failure resulted in a loss of $300 in out-of-pocket expenses related to his appeal. The Board dismissed these claims for lack of jurisdiction.

As to the bail bond claim, the majority affirms the Board's dismissal of Kutnyak's breach of bail bond claim, but does so not on the basis that the claim was untimely filed, but because no claim has accrued in that the Commonwealth has not affirmatively and unequivocally denied Kutnyak's claim for the cost of his bail bond and his lost wages. Therefore, the six-month statute of limitations contained in The Board of Claims Act[2] does not apply. Rather than decide this issue on the basis of ripeness, I would affirm the Board based on its lack of jurisdiction to hear this matter even if it was timely filed. When a bond is issued, it is not a contract in the formal sense but a guarantee by the actor that, if released on bail, he or she will appear for trial. It does not form a contractual relationship with an individual upon arrest and the Commonwealth or the Judicial District that authorized the posting of bail.[3] In

---

1. *See* Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. § 4651–4, which states, in part:

   The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more.

2. *See* Section 6 of The Board of Claims Act, Act of May 20, 1937, P.L. 728, 72 P.S. § 4651–6.

3. Pa.R.Crim.P. 3 defines "Bail" as "the security or other guarantee required and given for the release of a person, conditioned upon a written undertaking, in the form of a bail bond, that the person will appear when required and comply with all conditions set forth in the bail bond."

any event, the sole and exclusive remedy to challenge the revocation of bail is through a hearing challenging the revocation and not by bringing a claim before the Board. Because whether or not the claim is ripe is irrelevant, since the Board lacks jurisdiction to hear the matter, I would affirm the Board on that basis.

As to the power of attorney claim, initially, Kutnyak never raised the issue of the Board's treatment of the power of attorney claim in his lengthy *pro se* brief to this Court. The only issue raised that comes close to this issue in the Statement of Questions Involved is Question 5, which states:

> After filing an amended complaint following disclosure of instrument DC–155 as Power of Attorney indicating statutory construction of binding agreement on March 1, 1999, did the claimant/appellant file adequate responsive pleadings to the Board on or about March 15, 1999 and March 17, 1999 pursuant to Pa RCP 1029, B.O.C. Rule 206(b)(1).

All that Kutnyak is claiming is that he filed an adequate responsive pleading with the Board.

In its opinion, the majority states that on appeal, "Kutnyak also argues that he filed a proper amended complaint pursuant to 61 Pa.Code § 899.206(b)(1), asserting a claim for damages arising from the Department of Correction's (Department) breach of the November 24, 1995 power of attorney agreement. *In raising this issue, Kutnyak apparently believes that the Board dismissed his power of attorney claim.*" (Emphasis added). In restating the issue as it does, the majority creates a new issue. Because issues not raised are waived, Kutnyak has failed to preserve the power of attorney issue for appeal. *See Van Duser v. Unemployment Compensation Board of Review,* 164 Pa.Cmwlth. 96, 642 A.2d 544 (1994).[4] Accordingly, I dissent.

---

4. On November 24, 1999, Kutnyak filed a reply brief. Pa. R.A.P. 2185 provides that a party may serve a reply brief within 14 days after service of the preceding brief. A reply brief cannot raise new issues.