IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Ramirez,                           :
                    Petitioner          :
                                        :
        v.                              :   No. 60 C.D. 2020
                                        :   ARGUED:  December 9, 2020
Department of Human Services,           :
                    Respondent          :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                FILED:  January 22, 2021

Petitioner Jose Ramirez petitions for review of Respondent Department of Human Services' December 26, 2019 ruling, which affirmed the Department's denial of Ramirez's application for coverage of his long-term medical care via Pennsylvania's General Assistance (GA) program, due to the fact that he is an undocumented immigrant. Though we conclude that the Department's ruling was legally erroneous, we affirm on alternate grounds.

## I. Facts and Procedural History

On February 18, 2019, Ramirez, an undocumented immigrant in his late 40s, was admitted to the Garden Spring Nursing Home in Willow Grove, Pennsylvania. Certified Record (C.R.) at 29. At point, Ramirez was suffering from the

---

[1] This case was assigned to the opinion writer before Judge Brobson succeeded Judge Leavitt as President Judge.

following conditions: anoxic brain damage; quadriplegia; persistent vegetative state; and contracture of extremities. *Id.* It is not clear from the record when exactly Ramirez arrived in the United States, how he came to reside at Garden Spring, or how he was injured. *Id.*

On February 22, 2019, Ramirez, through Garden Spring,[2] filed an application with the Department, via which Ramirez sought coverage for his long-term medical care under Pennsylvania's Medical Assistance (MA) Program. *Id.* at 9, 12.[3]

On August 12, 2019, the Department's Montgomery County Assistance Office denied this application, on the basis that Ramirez's condition did not qualify for emergency medical assistance, because

> the information that [the Department] received [did] not show that [Ramirez had] a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in placing [Ramirez's] health in serious jeopardy, serious

---

[2] Ramirez was, and is, in a vegetative state and, thus, cannot play an active role in this matter, despite the fact that he is obviously its subject.

[3]     The . . . MA[] Program is authorized by Sections 441.1-453 of the [Human Services] Code, Act of June 13, 1967, P.L. 31, [*as amended*,] added by Act of July 31, 1968, P.L. 904, . . . 62 P.S. §§ 441.1-453. Those who are categorically needy or medically needy under the standards of financial eligibility established by [the Department] are eligible for MA. *See* [Sections 441.1 and 442.1 of the Human Services Code,] 62 P.S. §§ 441.1, 442.1[,] and 55 Pa. Code §§ 141.81, 171.81. The MA program is funded jointly by the state and the federal government. Federal funding is contingent upon adherence to the requirements of the federal Medicaid statute, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396(p) and its accompanying regulations. Adherence is normally evaluated by submission of a plan to the Secretary of the Health and Human Services Department . . . , who then approves or disapproves the plan.

*Martin v. Dep't of Pub. Welfare*, 514 A.2d 204, 206 n.1 (Pa. Cmwlth. 1986).

> impairment to bodily functions, or serious dysfunction of a bodily organ or part.

C.R. at 12.

Ramirez administratively appealed this denial to the Department's Bureau of Hearings and Appeals on August 14, 2019. The Bureau's Administrative Law Judge Susan E. Logan held an appeal hearing via telephone on November 19, 2019. During this hearing, the Department explained that it had determined that Ramirez was an undocumented immigrant and, thus, Ramirez could be eligible for MA benefits only if he had an emergency medical condition (EMC). Hr'g Tr., 11/19/19, at 13-16. The Department determined that Ramirez did not suffer from an EMC, because Ramirez had a permanent medical issue, rather than an acute one; therefore, he was ineligible for MA benefits. *Id.* at 16-17. Ramirez's attorney did not challenge the Department's conclusion that Ramirez had not been afflicted by an EMC. *Id.* at 20. Instead, he clarified that Ramirez was seeking GA medical benefits, which he claimed are funded exclusively by the Commonwealth and do not require proof that the applicant suffers from an EMC. *Id.* at 20-24. The Department's attorney then stated that Ramirez was ineligible for such coverage, because he is an undocumented immigrant. *Id.* at 24-25. ALJ Logan asked Ramirez's attorney if his client was indeed undocumented, whereupon Ramirez's attorney admitted he had no evidence to the contrary. *Id.* at 25.

On December 17, 2019, ALJ Logan denied Ramirez's administrative appeal. After summarizing the parties' respective positions, ALJ Logan quoted at length from a number of Department regulations,[4] the Department's Operations Memorandum 09-06-03, and sections of the Department's Medical Assistance

---

[4] Specifically, 55 Pa. Code §§ 141.61, 141.81, 149.23, and 150.1-.11. *See* C.R. at 31-34.

3

Eligibility Handbook,[5] which collectively address eligibility relating to citizenship, alienage, and residency for the GA and MA programs. C.R. at 30-40. In addition, ALJ Logan quoted 8 U.S.C. § 1641(b), a federal statute that defines "qualified alien" as "an alien who is lawfully admitted for permanent residence under the Immigration and Nationality Act [8 U.S.C. §§ 1101-05a, 1151-60, 1181-89, 1201-04, 1221-31, 1252-60, 1281-88, 1301-06, 1321-30, 1351-63a]" as well as *Spring Creek Management, L.P. v. Department of Public Welfare*, 45 A.3d 474 (Pa. Cmwlth. 2012), which addresses what constitutes an EMC. C.R. at 35. ALJ Logan concluded that,

> [b]ased on the regulations, Departmental policy, exhibits and testimony provided, . . . the Department correctly denied [Ramirez's] application for MA because he . . . is an undocumented non-citizen, does not qualify for GA [medical benefits] because of this status, and does not have an EMC that meets the criteria for this to be authorized.

*Id.* at 41.

Ramirez then administratively appealed ALJ Logan's decision, but the Department's Chief Administrative Law Judge Tracy L. Henry affirmed the decision in full on December 26, 2019. *Id.* at 26. This petition for review followed on January 25, 2020.[6]

---

[5] Specifically, Sections 305.4, 305.42, 322.1, 322.3, 322.33, and 322.34 of the Handbook. *See* C.R. at 35-40.

[6] Prior to filing his petition for review, Ramirez administratively petitioned for reconsideration of Chief ALJ Henry's determination on January 10, 2020. C.R. at 43-56. On January 21, 2020, the Department's Secretary Teresa D. Miller granted reconsideration, but Secretary Miller ultimately affirmed Chief ALJ Henry's determination on February 26, 2020. *Id.* at 58, 60. Secretary Miller's ruling, however, is not before us in this matter.

## II. Discussion

Ramirez presents a number of arguments for our consideration,[7] which we summarize as follows.

First, the Department's regulations governing eligibility for GA benefits only require proof of citizenship when these benefits take the form of Aid to Families with Dependent Children (AFDC). Since Ramirez was not seeking AFDC benefits, he did not need to show that he was a citizen of the United States in order to establish that he was eligible for coverage of his long-term care at Garden Spring via GA medical benefits. Ramirez's Br. at 11-14.

Second, the Department improperly relied upon the aforementioned Operations Memorandum and sections of the Handbook. Neither of these things constitute properly promulgated administrative regulations, as they were not subject to notice or the comment and review process, and, thus, they cannot serve as a basis for denying Ramirez access to GA medical benefits. *Id.* at 15-16.

Third, MA benefits and GA medical benefits are two distinct categories subject to different eligibility requirements. The Department erroneously conflated the requirements governing MA benefits, which include that the applicant be a citizen of the United States, a refugee, or a certain type of lawfully admitted immigrant, with those governing GA medical benefits, which do not include this type of requirement. *Id.* at 17-21.

Finally, Ramirez is eligible for GA medical benefits under the Department's regulations for coverage of his long-term care. He has a permanent disability which

---

[7] "Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704." *Gilroy v. Dep't of Pub. Welfare*, 946 A.2d 194, 196 n.3 (Pa. Cmwlth. 2008).

5

renders him unable to financially provide for himself, and the Department's regulations specifically authorize GA medical benefits in such a situation. The Department erred in concluding otherwise. *Id.* at 22-25.

We agree with Ramirez that the Department failed to articulate a legally valid basis for denying his application. Indeed, the administrative regulations, case law, and statutes discussed by ALJ Logan in her December 17, 2019 decision do not, in themselves, establish that undocumented immigrants are ineligible for GA medical benefits. Furthermore, the other documents cited in this decision, *i.e.*, the Handbook and the Operations Memorandum, were not subject to notice, public comment, or review, and therefore do not carry the force of law. *See Nw. Youth Servs., Inc. v. Dep't of Pub. Welfare*, 66 A.3d 301 (Pa. 2013). As such, none of these cited materials stand as an impediment to granting Ramirez such benefits.

Even so, this does not mean that Ramirez is entitled to receive them. Despite the Department's erroneous reasoning, it remains that "we may affirm an agency's decision 'on other grounds where grounds for affirmance exist.'" *Turner v. Unemployment Comp. Bd. of Rev.*, 899 A.2d 381, 385 (Pa. Cmwlth. 2006) (quoting *Kutnyak v. Dep't of Corr.*, 748 A.2d 1275, 1279 n. 9 (Pa. Cmwlth. 2000)). In this situation, another law, 8 U.S.C. § 1621, bars Ramirez from receiving GA medical benefits. This statute reads as follows:

> (a) In general
>
> Notwithstanding any other provision of law and except as provided in subsections (b) and (d), an alien who is not--
>
>> (1) a qualified alien (as defined in section 1641 of this title),
>>
>> (2) a nonimmigrant under the Immigration and Nationality Act, or

6

(3) an alien who is paroled into the United States under section 212(d)(5) of such Act for less than one year,

is not eligible for any State or local public benefit (as defined in subsection (c)).

(b) Exceptions

Subsection (a) shall not apply with respect to the following State or local public benefits:

(1) Assistance for health care items and services that are necessary for the treatment of an emergency medical condition (as defined in section 1396b(v)(3) of Title 42) of the alien involved and are not related to an organ transplant procedure.

(2) Short-term, non-cash, in-kind emergency disaster relief.

(3) Public health assistance for immunizations with respect to immunizable diseases and for testing and treatment of symptoms of communicable diseases whether or not such symptoms are caused by a communicable disease.

(4) Programs, services, or assistance (such as soup kitchens, crisis counseling and intervention, and short-term shelter) specified by the Attorney General, in the Attorney General's sole and unreviewable discretion after consultation with appropriate Federal agencies and departments, which (A) deliver in-kind services at the community level, including through public or private nonprofit agencies; (B) do not condition the provision of assistance, the amount of assistance provided, or the cost of assistance provided on the individual recipient's income or resources; and (C) are necessary for the protection of life or safety.

(c) "State or local public benefit" defined

(1) Except as provided in paragraphs (2) and (3), for purposes of this subchapter the term "State or local public benefit" means--

(A) any grant, contract, loan, professional license, or commercial license provided by an

agency of a State or local government or by appropriated funds of a State or local government; and

(B) any retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, unemployment benefit, or any other similar benefit for which payments or assistance are provided to an individual, household, or family eligibility unit by an agency of a State or local government or by appropriated funds of a State or local government.

(2) Such term shall not apply--

(A) to any contract, professional license, or commercial license for a nonimmigrant whose visa for entry is related to such employment in the United States, or to a citizen of a freely associated state, if section 141 of the applicable compact of free association approved in Public Law 99-239 or 99-658 (or a successor provision) is in effect;

(B) with respect to benefits for an alien who as a work authorized nonimmigrant or as an alien lawfully admitted for permanent residence under the Immigration and Nationality Act qualified for such benefits and for whom the United States under reciprocal treaty agreements is required to pay benefits, as determined by the Secretary of State, after consultation with the Attorney General; or

(C) to the issuance of a professional license to, or the renewal of a professional license by, a foreign national not physically present in the United States.

(3) Such term does not include any Federal public benefit under section 1611(c) of this title.

(d) State authority to provide for eligibility of illegal aliens for State and local public benefits

> A State may provide that an alien who is not lawfully present in the United States is eligible for any State or local public benefit for which such alien would otherwise be ineligible under subsection (a) only through the enactment of a State law after August 22, 1996, which affirmatively provides for such eligibility.

8 U.S.C. § 1621. The GA benefits Ramirez seeks fall within this statute's definition of "public benefits," Ramirez does not fall within any of the categories of people generally allowed to get such benefits, and none of the exceptions to this statutory prohibition apply to Ramirez's situation.

Furthermore, our General Assembly has not only failed to pass a law allowing undocumented immigrants to receive public benefits, as allowed under 8 U.S.C. § 1621(d), but has enacted a statute of its own that effectively excludes Ramirez from receiving the benefits he seeks. Per Section 432 of the Human Services Code,

> [e]xcept as hereinafter otherwise provided, and subject to the rules, regulations, and standards established by the department, both as to eligibility for assistance and as to its nature and extent, needy persons of the classes defined in clauses (1), (2), and (3) shall be eligible for [GA]:
>
> . . . .
>
> (3) Other persons who are citizens of the United States, or lawfully admitted aliens who are eligible for general assistance.

62 P.S. § 432. This restriction applies to all forms of GA. *Id.* § 403(a) ("The [D]epartment is responsible for maintaining uniformity in the administration of public welfare, including general assistance, throughout the Commonwealth."). Here, there is no proof that Ramirez is either a citizen of the United States or a lawfully admitted alien. Consequently, he is ineligible under Pennsylvania law for GA medical benefits to cover his long-term care at Garden Spring.

### III. Conclusion

Therefore, as both federal and Pennsylvania law bar Ramirez from receiving GA medical benefits, we affirm the Department's December 26, 2019 ruling on the aforementioned, alternate grounds.

_____

ELLEN CEISLER, Judge

Judge Crompton did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Ramirez,                     :
          Petitioner      :
                             :
      v.                  :  No. 60 C.D. 2020
                             :
Department of Human Services,   :
          Respondent   :

## **O R D E R**

AND NOW, this 22nd day of January, 2021, Respondent Department of Human Services' December 26, 2019 ruling is AFFIRMED.

_____
ELLEN CEISLER, Judge